# No. 24-1097

## In the **United States Court of Appeals**
## **for the First Circuit**

**JOHN ANTHONY CASTRO,**

*Plaintiff - Appellant,*

*v.*

**DAVID SCANLAN, NEW HAMPSHIRE SECRETARY OF STATE;**
**DONALD J. TRUMP; NEW HAMPSHIRE REPUBLICAN STATE**
**COMMITTEE,**

*Defendants - Appellees.*

APPEAL FORM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE, CONCORD
ORIGINATING CIVIL CASE NO.: 1:23-CV-00531
Honorable Samantha D. Elliott, U.S. District Judge

———————————————————————

## **APPELLANT'S OPENING BRIEF**
———————————————————————

Respectfully submitted:

John Anthony Castro

Appellant

12 Park Place

Mansfield, TX  76063

Tel. (202) 594 - 4344

*Pro Se*

**JOHN ANTHONY CASTRO, APPELLANT,**                    **No. 24-1097**
***v.***
**NEW HAMPSHIRE SECRETARY OF STATE DAVID SCANLAN**
***and* DONALD JOHN TRUMP, APPELLEES**.

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The undersigned counsel of record hereby certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Castro, John Anthony, Appellant.

2. New Hampshire Secretary of State David Scanlan, Appellee.

3. Donald John Trump, Appellee.

4. Jonathan Mark Shaw, Counsel for Appellee Donald John Trump.

5. Mark Meuser, Counsel for Appellee Donald John Trump.

6. Morgan Tanafon, Counsel for Appellee Donald John Trump.

7. Richard J. Lehmann, Counsel for Appellee Donald John Trump.

8. David Warrington, Counsel for Appellee Donald John Trump.

9. Bryan K. Gould, Counsel for Appellee Donald John Trump.

10. Brendan Avery O'Donnell, Counsel for Appellee NH Secretary of State.

11. Samantha D. Elliott, United States District Judge.

*/s/ John Anthony Castro*
John Anthony Castro

i

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ................................................................ i

TABLE OF CITATIONS ........................................................... iv

REASONS WHY ORAL ARGUMENT NEED NOT BE HEARD ..................... vii

STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION ... 1

STATEMENT OF THE ISSUES ................................................... 2

STATEMENT OF THE CASE ...................................................... 3

    *Restatement of Facts Relevant to Standing* ......................... 4

SUMMARY OF THE ARGUMENT ................................................. 6

STANDARD OF REVIEW .......................................................... 7

ARGUMENT .......................................................................... 7

I.   PLAINTIFF HAS POLITICAL COMPETITOR STANDING GRANTING THE DISTRICT COURT SUBJECT MATTER JURISDICTION OVER THIS CASE ....................................................................... 7

    A.  Castro's Injury-in-Fact ................................................ 9

        1.  Diminution of Votes ............................................. 10

    B.  Traceability ............................................................. 11

        1.  Appellant's Injury to Traceable to Conduct of Both Appellees ........... 11

    C.  Redressability ......................................................... 11

CONCLUSION ..................................................................... 11

CERTIFICATE OF COMPLIANCE ............................................... 13

CERTIFICATE OF SERVICE ................................................................. 14

ADDENDUM

# TABLE OF CITATIONS

## Other Authorities

Competitive Enter. Inst. v. NHTSA, 901 F.2d 107, 118 (D.C. Cir. 1990) .............. 11

Cooper v. Tokyo Elec. Power Co., Inc., 860 F.3d 1193, 1212 (9th Cir. 2017) ......... 7

Fulani v. Brady, 935 F.2d 1324, 1327-28 (D.C. Cir. 1991) ...................................... 8

Gottlieb v. FEC, 143 F.3d 618, 621 (D.C. Cir. 1998) ............................................... 8

Hassan v. FEC, 893 F. Supp. 2d 248, 255 (D.D.C. 2012), aff'd, No. 12-5335, 2013

    WL 1164506 (D.C. Cir. 2013) ........................................................................... 8, 9

Kerin v. Titeflex Corp., 770 F.3d 978, 981 (1st Cir. 2014) ...................................... 6

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) ....................................... 7

New World Radio, Inc. v. FCC, 294 F.3d 164, 170 (D.C. Cir. 2002) ...................... 8

Raines v. Byrd, 521 U.S. 811, 818 (1997) ................................................................ 7

Schroder v. Bush, 263 F.3d 1169, 1173 (10th Cir. 2001) ......................................... 7

Shays v. FEC, 414 F.3d 76, 87 (D.C. Cir. 2005) ................................................... 8, 9

Spectrum Stores, Inc. v. Citgo Petroleum Corp., 632 F.3d 938, 948 (5th Cir. 2011)

    ........................................................................................................................... 7

Spokeo, Inc. v. Robins, 578 U.S. 330 (2016) ........................................................... 7

Starr Int'l Co., Inc. v. U.S., 910 F.3d 527, 533 (D.C. Cir. 2018) ............................. 7

## Constitution

28 U.S.C. § 1331 ...................................................................................................... 1

28 U.S.C. §§ 1291 ................................................................................1

U.S. Const. art. III ..............................................................................7

## REASONS WHY ORAL ARGUMENT NEED NOT BE HEARD

Pursuant to Fed. R. App. P. 34(a)(2)(C), oral argument need not be heard because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

## STATEMENT OF SUBJECT-MATTER AND
## APPELLATE JURISDICTION

Jurisdiction for this civil action was proper in the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1331 because Appellant John Anthony Castro's claim arose under Section 3 of the 14th Amendment to the United States Constitution.

The district court entered final judgment against Appellant as to all claims on January 19, 2024, on the basis he lacked standing and that the issues presented a nonjusticiable political question.  On January 22, 2024, Appellant filed a timely notice of appeal.

Jurisdiction in this Honorable Court of Appeals is proper under 28 U.S.C. §§ 1291 and 1294.

## STATEMENT OF THE ISSUES

1.    Does a New Hampshire ballot-placed Republican Presidential candidate who has judicially noticed campaign activities have Article III standing to challenge the constitutional qualifications and eligibility of another New Hampshire ballot-placed Republican Presidential candidate based on a political competitive injury in the form a diminution of votes and/or dilution of position due to the entrance of a new unlawful competitor?

## STATEMENT OF THE CASE

On December 1, 2024, Appellant John Anthony Castro filed the civil action at issue in this case before the U.S. District Court for the District of New Hampshire[1] in an effort to disqualify Appellee Donald John Trump for having provided aid and comfort to the insurrectionists that attacked the United States Capitol on January 6, 2021.[2]

In his Verified Complaint, Appellant John Anthony Castro made clear that he was already a ballot-placed candidate, had substantive digital campaign activities targeting New Hampshire voters, and had substantive boots-on-the-ground campaign activities in New Hampshire, including the placement of campaign yard signs. In doing so, Appellant John Anthony Castro established

---

[1] *See* ECF 1.

[2] On January 6, 2021, after witnessing a large group of Trump supporters violently attacking the United States Capitol to prevent the lawful certification of the 2020 election results, Appellee Donald John Trump stated on live television, "we love you, you're very special" to the insurrectionists. Appellee Donald John Trump provided the insurrectionists with comfort in the form of words of sympathy. On January 29, 2022, Appellee Donald John Trump publicly stated, "If I run and if I win, we will treat those people from January 6 fairly. We will treat them fairly. And if it requires pardons, we will give them pardons." Appellee Donald John Trump promised the insurrectionists aid in the form of executive pardons for their criminal attempt to unlawfully overturn the 2020 election results. On November 15, 2022, Appellee Donald John Trump publicly announced his candidacy for the Presidency of the United States. On January 30, 2022, Appellant John Anthony Castro filed his FEC Form 2, Statement of Candidacy, as a Republican candidate for the Presidency of the United States. On June 22, 2023, Appellee Donald John Trump hosted a fundraiser for the January 6 insurrectionists thereby assisting in the acquisition of financial aid for their legal bills.

direct competition against Appellee Donald John Trump in New Hampshire for the Republican Nomination for the Presidency of the United States.

On January 3, 2024, the lower court held an evidentiary hearing wherein Appellee Donald John Trump's own expert witness admitted that Plaintiff's election percentage allocation would be adversely affected and diluted even if he did not lose a single vote to Defendant Donald John Trump. Dilution of market position is the mathematically guaranteed result of the mere presence of an unlawful competitor. Thus, this Court's concerns have been satisfied in this case.

On January 19, 2024, the lower court ruled that Appellant still lacked standing despite satisfying all of the concerns of this Court in *Castro v. Trump I*.

On January 22, 2024 Appellant filed his Notice of Appeal.[3]

_Restatement of Facts Relevant to Standing_

Appellant John Anthony Castro is a New Hampshire ballot-placed Republican Presidential candidate actively campaigning and pursuing the nomination of the Republican Party to pursue the Office of the Presidency of the United States.

The lower court took judicial notice of substantive campaign activities in the state, and the lower court's attempt to discredit those campaign activities is unprecedented in the federal judiciary.

---

[3] *See* ECF 30.

4

Appellee Donald John Trump is a New Hampshire ballot-placed Republican Presidential candidate actively campaigning and pursuing the nomination of the Republican Party to pursue the Office of the Presidency of the United States.

Appellee New Hampshire Secretary of State David Scanlan's counting of votes in favor of Appellee Donald John Trump is state action in furtherance of aiding a violation of Section 3 of the 14th Amendment to the United States Constitution.

As such, Appellant's political competitive injury is traceable to the direct actions of Appellee Donald John Trump as well as the supporting state acts of Appellee New Hampshire Secretary of State David Scanlan.

## SUMMARY OF THE ARGUMENT

Because both Appellant John Anthony Castro and Appellee Donald John Trump are New Hampshire ballot-placed Republican Presidential candidates with in-state campaign activities, they are in direct competition with one another giving rise to political competitor standing.

Because Defendant Donald John Trump's own expert witness admitted that Appellant John Anthony Castro's electoral results would be affected by the mere presence of Appellee Donald John Trump on the ballot, there is sufficient evidence in the record of an injury that is traceable to Appellees and redressable by this Court's power to grant injunctive relief.

Because Appellant John Anthony Castro's claim of injury is redressable with judicial relief, Appellant John Anthony Castro has stated a claim upon which relief can be granted.

Because the Court had subject matter jurisdiction and Appellant John Anthony Castro stated a claim upon which relief could be granted, the case must be remanded back to the district court for a trial on the merits.

## STANDARD OF REVIEW

"The existence of standing is a legal question, which [Courts] review *de novo*."[4]

---

[4] *See Kerin v. Titeflex Corp.*, 770 F.3d 978, 981 (1st Cir. 2014).

Appellate courts review *de novo* a district court's determination whether the political question doctrine applies since it is a question of law.[5]

## ARGUMENT

## I. PLAINTIFF HAS POLITICAL COMPETITOR STANDING GRANTING THE DISTRICT COURT SUBJECT MATTER JURISDICTION OVER THIS CASE

The Constitution limits the jurisdiction of the federal courts to actual cases or controversies.[6] "One element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue."[7] The doctrine of standing, "rooted in the traditional understanding of a case or controversy… developed… to ensure that federal courts do not exceed their authority as it has been traditionally understood."[8] "[T]he 'irreducible constitutional minimum' of standing consists of three elements."[9] The "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged

---

[5] *See Spectrum Stores, Inc. v. Citgo Petroleum Corp.*, 632 F.3d 938, 948 (5th Cir. 2011); *Cooper v. Tokyo Elec. Power Co., Inc*., 860 F.3d 1193, 1212 (9th Cir. 2017); *Schroder v. Bush*, 263 F.3d 1169, 1173 (10th Cir. 2001); *Starr Int'l Co., Inc. v. U.S.*, 910 F.3d 527, 533 (D.C. Cir. 2018).

[6] U.S. Const. art. III, § 2, cl. 1, *see also Raines v. Byrd*, 521 U.S. 811, 818 (1997).

[7] *Raines*, 521 U.S. at 818.

[8] *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016).

[9] *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[10]

The United States Court of Appeals for the D.C. Circuit has recognized the concept of *Political Competitor Standing* on the basis that an injury would logically be diminution of votes traceable to the political competitor and redressable by a court.[11]  Political Competitor Standing, however, is only available to plaintiffs who can show that they "personally compete[] in the same arena with the same party."[12]  The D.C. Circuit has also held that if a plaintiff can show that he is a "direct and current competitor," then competitor standing must be recognized as a matter of law.[13]  The federal judiciary has recognized that a candidate, as opposed to "individual voters and political action groups" would

---

[10] *Id*.

[11] *See Shays v. FEC*, 414 F.3d 76, 87 (D.C. Cir. 2005).

[12] *Gottlieb v. FEC*, 143 F.3d 618, 621 (D.C. Cir. 1998) (internal quotation marks omitted); *see also Fulani v. Brady*, 935 F.2d 1324, 1327-28 (D.C. Cir. 1991) (holding that presidential candidate did not have "competitor standing" to challenge CPD's tax-exempt status where the candidate was not eligible for tax exempt status); *Hassan v. FEC*, 893 F. Supp. 2d 248, 255 (D.D.C. 2012), *aff'd*, No. 12-5335, 2013 WL 1164506 (D.C. Cir. 2013) ("Plaintiff cannot show that he personally competes in the same arena with candidates who receive funding under the Fund Act because he has not shown that he is or imminently will be eligible for that funding.").

[13] *New World Radio, Inc. v. FCC*, 294 F.3d 164, 170 (D.C. Cir. 2002)

have "standing based upon a 'competitive injury'" if, again, the candidate can show that he "personally competes in the same arena with the same party."[14]

Appellant John Anthony Castro is a New Hampshire ballot-placed Republican Presidential candidate. The evidentiary record shows campaign activities that evidence direct competition against Appellee Donald John Trump for the Republican nomination for the Presidency of the United States. As such, Appellant John Anthony Castro has political competitor standing to bring this suit.

### A.  Castro's Injury-in-Fact

To establish standing, a plaintiff must show that the plaintiff has suffered an "injury in fact caused by the challenged conduct [of the defendant] and redressable through relief sought from the court."[15]

Despite Appellant John Anthony Castro's clear allegations contained in his Verified Complaint, the lower court concluded that Appellant was engaged in manufacturing standing; an issue this Court expressly ignored in the prior case because of its unprecedented nature and short-sighted risk to those who engage in civil disobedience to challenge unjust laws, which is a time-honored American tradition.

---

[14] *Hassan*, 893 F. Supp. 2d at 255 n.6 (D.D.C. 2012) (emphases added) (quoting *Gottlieb*, 143 F.3d at 621)

[15] *Shays*, 414 F.3d at 83 (internal citation omitted).

**1. Diminution of Votes**

Appellant John Anthony Castro and Appellee Donald John Trump are competing for the same political position within the same political party. The evidentiary record establishes campaign activities in the state.

A primary candidate has judicial standing to bring a claim challenging the eligibility of a fellow primary candidate for competitive injury in the form of a diminution of votes if the primary candidate believes that the fellow primary candidate is ineligible to hold public office and to prevent actions irreconcilable with the U.S. Constitution.[16]

Appellant John Anthony Castro will *further* suffer *irreparable* competitive injuries if Appellee Donald John Trump, who is constitutionally ineligible to hold office, is able to attempt to secure votes in primary elections. Appellee Donald John Trump's constitutionally unauthorized undertaking will put Appellant at a voter disadvantage.

Appellee Donald John Trump, without judicial relief to Appellant John Anthony Castro, will affect Appellant electoral results, which Appellee's own expert witness admitted to on the record.

---

[16] *See Fulani*, 882 F.2d at 628.

**B. Traceability**

**1. Appellant's Injury to Traceable to Conduct of Both Appellees**

It is undisputed that Appellant John Anthony Castro's injury-in-fact is traceable to Appellee Donalde John Trump. Appellant's injury is also traceable to Appellee New Hampshire Secretary of State David Scanlan's state action in furtherance of a violation of Section 3 of the 14th Amendment to the U.S. Constitution.

**C. Redressability**

"Plaintiffs need not prove that granting the requested relief is certain to redress their injury, especially where some uncertainty is inevitable."[17] Nevertheless, Appellant John Anthony Castro has made it clear that injunctive relief would certainly redress his injuries.

There is no question injunctive relief and remedy Appellant John Anthony Castro's political competitive injury.

**CONCLUSION**

The judgment below should be vacated, and the case remanded for trial.

---

[17] *Competitive Enter. Inst. v. NHTSA*, 901 F.2d 107, 118 (D.C. Cir. 1990).

11

Respectfully submitted,

Dated: January 22, 2024.        By: */s/ John Anthony Castro*

John Anthony Castro
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 – 4344
J.Castro@JohnCastro.com

*Appellant Pro Se*

**CERTIFICATE OF COMPLIANCE**

1.      I certify that this filing complies with the type-volume limitations of the Fed. R. App. P. 32(a)(7)(B) because, excluding the parts exempted by the Fed. R. App. P. 32(f), the Brief contains 2,281 words.

2.      I also certify that this filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.


*/s/ John Anthony Castro*
John Anthony Castro

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2024, a true and accurate copy of the foregoing Appellant's Opening Brief with accompanying attachments (if any) was electronically filed.  It is further certified that all other parties are CM/ECF users and that service of this motion was made on Appellees via CM/ECF.


*/s/ John Anthony Castro*
John Anthony Castro